UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REGIONS BANK                                                                                           PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:21-CV-40-DPJ-FKB

GWENDOLYN ANTOINE AND
ARIELLE M. COLLINS                                                                                  DEFENDANTS

ORDER

Plaintiff Regions Bank filed this suit under the Federal Arbitration Act (FAA), 9 U.S.C. § 4, asking the Court to compel arbitration of a dispute with Defendants Gwendolyn Antoine and Arielle M. Collins. *See* Compl. [1]. On the same day it filed the Complaint, Regions filed a motion to compel arbitration and supporting memorandum of law. *See* Pl.'s Mot. [4]; Pl.'s Mem. [5]. The Court granted that motion on February 22, 2021, and Defendants filed two motions seeking reconsideration on February 24, 2021. *See* Defs.' Mots. [19, 20]. For the following reasons, the motions for reconsideration are denied.

I.  Standard

The first question is which rule governs Defendants' motions. Defendants mention Federal Rules of Civil Procedure 54(b), 59(e), and 60(b), though they focus mostly on Rule 59(e). *See* Defs.' Reply [23] at 1–2. Regions also says Rule 59(e) applies and precludes relief. Pl.'s Mem. [22] at 2.

Had the Court entered final judgment, then Rule 59(e) would apply because Defendants sought reconsideration within 28 days of the disputed order. *See In re Franklin*, 832 F. App'x 340, 341 (5th Cir. 2020). But the Court did not enter final judgment in this matter; it compelled arbitration and administratively closed the case. *See* Order [18] at 10. When a court compels arbitration and administratively closes a case—and does not enter final judgment—the ruling is

interlocutory. *Psara Energy, Ltd. v. Advantage Arrow Shipping, L.L.C.*, 946 F.3d 803, 807 (5th Cir. 2020) (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000)). And Rule 54(b) applies to interlocutory orders. *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018).

Under Rule 54(b), an interlocutory order "does not end the action as to any of the claims or parties and *may be revised at any time before the entry of a judgment* adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (emphasis added). Thus, a district court may "reconsider and reverse its decision for any reason it deems sufficient." *McClendon*, 892 F.3d at 781. And that standard applies "even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citation omitted). While this is a more forgiving standard, the Court retains discretion whether to consider matters that could have been asserted before the order was entered. *See id.* at 337 (remanding denial of motion for reconsideration and noting that district court "had the discretion to reconsider" its order based on previously existing evidence).[1]

II.  Analysis

Defendants' motions for reconsideration rely on arguments and evidence that were available to them before the Court compelled arbitration. It appears that the arguments and evidence were not offered sooner because Defendants never saw Regions' Motion to Compel

---

[1] If Rule 59(e) applies as the parties argue, then Defendants have clearly failed to make the requisite showing for this "extraordinary remedy." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.*

2

Arbitration or its supporting memorandum of law.  Indeed, they still maintain that "there was not a motion to compel arbitration."  Defs.' Mot. for Recons. [20] at 2.

That's incorrect.  The record demonstrates that Regions separately docketed its motion and brief via ECF and personally served Defendants with those documents on the same day it served the summons and Complaint.  *See* Pl.'s Mot. [4] at 10 (certificate of service); Pl.'s Mem. [5] at 12 (certificate of service).

In any event, Defendants say there was never a need to file a response to Regions' motion because they believed there was no such motion.  Defs.' Mot. for Recons. [20] at 2, 4.  Instead, they filed a motion to dismiss the Complaint raising abstention arguments but never asserting that Regions is not entitled to enforce an arbitration agreement.  *See* Defs.' Mot. [6].

When the Court received Defendants' motion to dismiss but no response to Regions' motion to compel arbitration, it entered a show-cause order giving Defendants a second chance to substantively respond to Regions' motion.  That order specifically referenced Regions' pending motion, acknowledged the abstention argument Defendants asserted in their Motion to Dismiss, and instructed Defendants to go beyond the abstention argument and "specifically address [Regions'] legal arguments for compelling arbitration."  Show-Cause Order [12] at 1.  The Court also noted that "[f]ailure to substantively respond would be viewed as a concession that the motion to compel should be granted, if the Court ultimately declines to abstain."  *Id.*

Defendants responded to the Show-Cause Order but were apparently still under the misimpression that no motion to compel had been filed.  Rather than inform the Court that they did not believe there was anything to address, they "renamed" their motion to dismiss as a response.  Defs.' Mot. for Recons. [20] at 2.  As a result, they again relied on abstention arguments without addressing the substance of Regions' motion.

Based on the record before it, the Court entered the now disputed Order [18] compelling arbitration. The Court first addressed and rejected Defendants' abstention arguments and then held—consistent with the Show-Cause Order—"[t]he Court must assume Antoine and Collins have conceded that arbitration should be compelled now that the Court has retained jurisdiction." Order [18] at 9.

Defendants now wish to address the issue the Court instructed them to address in the Show-Cause Order—whether Regions is entitled to arbitration. While Defendants say they never saw the motion and brief referenced in the Show-Cause Order, that does not explain why they could not comply with the Show-Cause Order and substantively address Regions' claimed right to arbitration. Regions' position was clear from its Complaint and the attached exhibits, and nothing prevented Defendants from making the same arguments they now present. Given this history, the Court declines to exercise its discretion and reconsider that issue.[2]

B.   Merits

Even if the Court were to revisit its Order compelling arbitration, it would still deny Defendants' motions for reconsideration on the merits. Defendants' main argument is that no arbitration agreements were signed before the alleged injury in March 2020. *See* Defs.' Mot. for Recons. [20] at 3.

To begin, the disputed agreements included broad arbitration provisions that expressly agreed to arbitrate "any controversy, claim, counterclaim, dispute or disagreement . . . *whether arising before or after the effective date of this Agreement*." Arbitration Agreement [4-5] at 4.

---

[2] Defendants also suggest that reconsideration is appropriate because Regions filed its reply in support of arbitration during an ice storm and the Court granted the motion the following week. *See* Defs.' Mot. for Recons. [20] at 5. Defendants say they were prevented from considering the reply, *id.*, but briefing closed with Regions' reply.

4

Regions points this out in its opposition to the present motions.  *See* Pl.'s Mem. [22] at 7.  Yet Defendants declined to address the point in reply and have not offered any legal authority suggesting that parties cannot contract for retroactive application of an arbitration provision.  Indeed, it appears that Mississippi law would honor "explicit language of retroactive application."  *Amsouth Bank v. Quimby*, 963 So. 2d 1145, 1152 (Miss. 2007) (citing *B.C. Rogers Poultry, Inc. v. Wedgeworth*, 911 So. 2d 483, 489 (Miss. 2005)).

The other problem with Defendants' argument is that they signed more than one contract with an arbitration agreement.  As Regions noted in the Complaint, in its Motion to Compel Arbitration, and in its Response to the present motions, Defendants also signed separate International Wire Transfer Requests/Authorizations on March 24, 2020, that incorporated arbitration provisions.  *See, e.g.*, Pl.'s Resp. [22] at 4.

Defendants acknowledge their signatures on these documents and attach the forms to their motions for reconsideration because they believe the forms prove their injuries occurred in March 2020, i.e., before the November 2020 arbitration agreements.  *See* Defs.' Mot. for Recons. [20] at 4.  But the signed forms they attach state:  "By signing below, Originator . . . agrees to be bound by the terms and conditions of the Funds Transfer Agreement provided with this request."  International Wire Transfer Request/Authorization [20-4] at 1.  And as Regions has noted, the referenced agreement included the following arbitration agreement:

> The Deposit Agreement, including, without limitation, any and all terms thereof relating to ARBITRATION AND WAIVER OF JURY TRIAL, which terms shall govern any disputes between Customer and Bank arising out of this Funds Transfer Agreement, is expressly incorporated herein by reference; provided that the terms and conditions of this Funds Transfer Agreement shall control over any inconsistent terms and conditions of the Deposit Agreement with respect to the services contemplated by this Funds Transfer Agreement.

Pl.'s Mem. [5] at 6 (quoting Funds Transfer Agreement [4-6] at 1).  Regions again mentions these pre-injury agreements in opposition to Defendants' motions for reconsideration.  *See* Pl.'s Mem. [22] at 4.  Defendants did not address them in their Reply and have not explained why these separate agreements would not support the Order compelling arbitration.

III.    Conclusion

The Court has considered all arguments; those not specifically addressed would not change the outcome.   For the foregoing reasons, Defendants' motions for reconsideration [19, 20] are denied.

**SO ORDERED AND ADJUDGED** this the 30th day of March, 2021.

                                               s/ *Daniel P. Jordan III*              
                                               CHIEF UNITED STATES DISTRICT JUDGE